**E-FILED on**   11/6/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN DOE,<br><br>        Defendant. | No. C-12-04447 RMW<br><br>ORDER GRANTING IN PART *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY<br><br>**[Re Docket No. 6]** |

AF Holdings LLC ("plaintiff") has filed an *ex parte* application for leave to take expedited discovery in its copyright infringement suit against John Doe. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants plaintiff's application in part.

## I. BACKGROUND

AF Holdings LLC ("plaintiff") is a holder of various rights, and is the exclusive holder of the relevant copyrights with respect to the creative work at issue here, an adult entertainment video entitled "Popular Demand" ("the work"). Hansmeier Decl. ¶ 3. John Doe ("defendant") is alleged to have downloaded and distributed this video over a peer-to-peer network. Dkt. No. 1 (Compl.) ¶ 22.

1    Using a third-party investigator, 6881 Forensics, plaintiff patrols various peer-to-peer
2  networks, and so encountered defendant's alleged distribution of the copyrighted work.  *See*
3  Hansmeier Decl. ¶¶ 2, 21.  Because a peer-to-peer network user's username often bears no relation to
4  his actual identity, however, John Doe's true identity remains unknown to plaintiff.

5    Plaintiff does know John Doe's IP address and when someone using that address allegedly
6  performed the illegal download (June 21, 2012, at 3:13:22 (UTC)).  Compl.¶¶ 4, 23.  Plaintiff's
7  investigation revealed that Comcast provided internet access to John Doe.  Hansmeier Decl. ¶¶ 24,
8  28.  Based on the location of Doe's IP address, plaintiff believes the defendant resides in this judicial
9  district.  Compl. ¶¶ 6, 7.

10    Plaintiff filed suit on August 23, 2012 and has now filed an *ex parte* application for leave to
11 take expedited discovery.  Plaintiff wishes to serve a subpoena on third party Comcast Cable
12 Communications LLC ("Comcast") pursuant to Rule 45 to obtain "information sufficient to identify
13 John Doe ... including name, current (and permanent) address, telephone number, e-mail address,
14 and Media Access Control ["MAC"] address ... ."  Dkt. No. 6, Proposed Order at 2.

## II. ANALYSIS

16    Rule 26(d) forbids a party from seeking discovery from any source "before the parties have
17 conferred as required" by the rules of civil procedure.  Fed. R. Civ. P. 26(d)(1).  Rule 26(d) permits
18 a few exceptions, including allowing pre-conference discovery by court order.  *Id.*  While courts in
19 this circuit disfavor these exceptions, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), a
20 court may order pre-conference discovery upon a showing of good cause.  *Semitool, Inc. v. Tokyo*
21 *Electron America, Inc.*, 208 F.R.D.  273, 275-76 (N.D. Cal. 2002).  "Good cause may be found
22 where the need for expedited discovery, in consideration of the administration of justice, outweighs
23 the prejudice to the responding party."  *Id.* at 276.

24    Courts in this circuit consider the following factors in determining whether good cause exists
25 in internet user doe defendant cases:
26    [whether] (1) the plaintiff can identify the missing party with sufficient specificity such that
27    the Court can determine that defendant is a real person or entity who could be sued in federal
28    court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant;

(3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*AF Holdings LLC v. Does 1-96*, C-11-03335 JSC, 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011) (quoting *OpenMind Solutions, Inc. v. Does 1–39*, 2011 WL 4715200, at *2 (N.D.Cal. Oct.7, 2011) (citations omitted)).

As to the first factor, plaintiff has identified John Doe with sufficient specificity. Plaintiff represents that it has confirmed that the IP address in question was used to download and distribute the copyrighted work. Hansmeier Decl. ¶¶ 25-27. Plaintiff has also used geolocation to trace defendant's location to California, making a prima facie showing of personal jurisdiction over defendant. Compl. ¶¶ 6, 7; *see AF Holdings LLC v. Does 1-96*, 2011 WL 5864174, at *3 (citing *DigiProtect USA Corp. v. Does*, 2011 WL 4444666 at *1 (S.D.N.Y. Sep.26, 2011)).

Plaintiff has also satisfied the second factor by identifying its previous measures taken to locate defendant. Plaintiff has hired an internet forensics firm to obtain all available information on the activities and identities of accused infringers and has provided evidence of the firm's procedures. Hansmeier Decl. ¶¶ 20-27. Additionally, plaintiff has explained why the available information does not enable plaintiff to name and serve defendant. *Compl.* ¶¶ 6, 7; *see AF Holdings*, 2011 WL 5864174, at *3.

Third, the court finds that plaintiff's complaint makes out a prima facie case against defendant that would withstand a motion to dismiss. To prevail on its copyright claim, plaintiff must prove: (1) its ownership of a valid copyright in the work; and (2) copying and/or distribution of the work. *See AF Holdings*, 2011 WL 5864174, at *3. Plaintiff has alleged that the work is registered in the U.S. Copyright Office and that it owns the rights pursuant to an assignment agreement. Compl. ¶ 19. Plaintiff has also alleged the time and manner of the copying as well as the manner in which its forensics firm identified defendant's IP address and the file being downloaded and distributed. Compl. ¶¶ 22, 23; Hansmeier Decl. ¶¶ 18-27.

ORDER GRANTING IN PART EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY—No. C-12-04447 RMW
WRH          3

1 As to the fourth factor, plaintiff has demonstrated that there is a reasonable likelihood of 2 being able to identify the defendant through discovery such that service of process would be 3 possible. The information subpoenaed will reveal the name and contact information of the 4 subscriber to the internet connection used to download the work. While this information will not 5 necessarily reveal the party who personally downloaded the work, the court concludes it is not clear 6 such information will *not* lead to discovery of defendant's identity. *See Gillespie*, 629 F.2d at 642- 7 643 (holding that early discovery to identify doe defendants should be allowed "unless it is clear that 8 discovery would not uncover the identities"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th 9 Cir.1999) (same).

10 In addition to satisfying these factors, plaintiff has demonstrated a need for the information. 11 Plaintiff cannot identify defendant without it. Without defendant's identity, he cannot be served, the 12 discovery planning conference cannot take place, and this case cannot move forward. Additionally, 13 if plaintiff cannot obtain this information promptly, Comcast may destroy it. *See* Dkt. No. 6 at 4-5; 14 Dkt. No. 6, Ex. C., Comcast Subpoena Compliance Policy.

15 Plaintiff's need for the information must be balanced against "the prejudice to the responding 16 party." *Semitool*, 208 F.R.D. at 276. Here, the responding party is Comcast. It is unclear what 17 prejudice it will suffer if ordered to turn over the information requested by plaintiff. In a prior case, 18 this court granted a request for expedited discovery under similar circumstances, but where the third 19 party internet service provider was a public university. *See UMG Recordings, Inc. v. Doe*, 20 C-08-03999 RMW, 2008 WL 4104207, at *2 (N.D. Cal. Sept. 4, 2008) ("Were UC Santa Cruz an 21 ordinary internet service provider then, it seems clear that the need for the requested discovery 22 would substantially outweigh any prejudice."). Because Comcast is an "ordinary internet service 23 provider," and need not comply with the Family Educational Rights and Privacy Act, the court 24 concludes that plaintiff's need outweighs any prejudice to Comcast. *See id*. However, as in *UMG* 25 *Recordings*, the court will address any potential for prejudice by ensuring that Comcast has adequate 26 time to notify John Doe prior to complying with the subpoena, and by allowing both Comcast and 27 Doe an opportunity to contest the subpoena. Other courts have done likewise in this context. *E.g.,* 28 *Pac. Century Int'l Ltd. v. Does 1-101*, C-11-02533-DMR, 2011 WL 2690142 (N.D. Cal. July 8,

ORDER GRANTING IN PART EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY—No. C-12-04447 RMW
WRH 4

2011); *Diabolic Video Productions, Inc. v. Does 1-2099*, 10-CV-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011).

Finally, plaintiff's request seeks leave to serve subpoenas on Comcast as well as "any other entity identified as a provider of internet services to John Doe in response to a subpoena or as a result of ongoing BitTorrent activity monitoring." Dkt. No. 6-3 (Proposed Order). However, plaintiff has only generically stated that some ISPs use "intermediary ISPs" who are the entities with the actual ability to identify a specific subscriber. Hansmeier Decl. ¶ 30. Without a more specific showing as to this case, the court is not inclined to allow discovery from an unknown number of unidentified entities.

### III. ORDER

For the foregoing reasons, the court grants AF Holdings LLC leave to serve immediately a Rule 45 subpoena on Comcast Cable Communications LLC to seek documents revealing the name, current and permanent address, e-mail address, and Media Access Control address of John Doe associated with the IP address and time of access alleged in the complaint.

It is further ordered that Comcast will have 30 days from the date of service upon it to serve John Doe with a copy of the subpoena and a copy of this order. Comcast may serve John Doe using any reasonable means, including written notice sent to Doe's last known address, transmitted either by first-class mail or via overnight service. Comcast and John Doe each shall have 30 days from the respective date of service to file any motions in this court contesting the subpoena, including a motion to quash or modify the subpoena. If that 30-day period lapses without Comcast or Doe contesting the subpoena, Comcast shall have 10 days to produce to plaintiff the information responsive to the subpoena with respect to John Doe.

It is further ordered that any information disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights as set forth in its complaint.

It is further ordered that plaintiff and Comcast shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses that are not controlled by Comcast, or for Comcast's internal costs to notify its customers.

It is further ordered that, should Comcast elect to charge for the costs of production, it shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

It is further ordered that plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order.

DATED: November 6, 2012



RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART EX PARTE APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY—No. C-12-04447 RMW
WRH
6